# In the United States Court of Federal Claims

No. 20-617C
(Filed: October 9, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
ALBERTO ANGUIANO,                              *
                                               *
           Plaintiff,                          *
                                               *
     v.                                        *
                                               *
THE UNITED STATES,                             *
                                               *
           Defendant.                          *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject-matter jurisdiction. For the reasons stated below, Defendant's motion is **GRANTED**.

Plaintiff pro se Alberto Anguiano is a prisoner at the Federal Correctional Institution in Lompoc, California. On May 11, 2020, Plaintiff filed suit in this Court seeking a writ of mandamus and requesting the Court to declare that he is not a United States citizen or subject. Compl. at 1, 3. Although Plaintiff states that he was "born within the states of the Union," he alleges that "[w]hatever citizenship [he] enjoys, he is entitled to abandon or renounce," because "citizenship status is determined under state and not federal law." Id. at 2.

Plaintiff has apparently notified various federal agencies and officials and the California Secretary of State of his intent to renounce his citizenship, and he claims the Department of Homeland Security "has unreasonably delayed its determination" regarding Plaintiff's most recent notice, sent March 27, 2020. Id. at 2-3.

Plaintiff is not new to federal litigation. He has filed three actions that were dismissed as frivolous or for failure to state a claim. See Anguiano v. United States et al., 18-0185 (S.D. Iowa June 14, 2018) (dismissed for failure to state a plausible claim); Anguiano v. Dallas County Jail Undersheriff et al., 14-0250 (S.D. Iowa July 28, 2014) (dismissed as frivolous); Anguiano v. Iowa State Patrol et al., 14-0276 (S.D. Iowa Nov. 18, 2014) (dismissed as frivolous). He has also filed three actions that were dismissed for failure to comply with court orders or rules. See Anguiano v. United States, 17-0153 (D. Ariz. Sept. 12, 2017) (dismissed for failing to comply with a court

order); Anguiano v. Safford FCI Staff, 16-0034 (D. Ariz. Jan. 27, 2016) (dismissed for failing to comply with Rule 3.4 of the Local Rules of Civil Procedure and awarded a "strike" for failing to amend his complaint and pay the filing fee); Anguiano v. Warden S. Lake et al., 16-0070 (D. Ariz. Apr. 27, 2016) (dismissed for failing to comply with a court order).

Pursuant to 28 U.S.C. § 1915(g), when a plaintiff has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim, the plaintiff must pay the $400 filing fee before the Court will proceed with the action. A plaintiff may only proceed in forma pauperis in a matter if the plaintiff can show that he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because Plaintiff has filed three actions that were dismissed as frivolous or for failure to state a claim, he was required to pay the $400 filing fee before filing this action. 28 U.S.C. § 1915(g). Plaintiff has not paid the fee or requested to proceed in forma pauperis, and he has not alleged that he is under any form of imminent danger or serious physical injury. Although Plaintiff mentions his willingness to pay $350 to a different court for a previous action, that does not affect his status before this Court. See Compl. at 4. Plaintiff is barred from bringing an action in this Court without first paying the filing fee. See 28 U.S.C. § 1915(g). As Plaintiff has not paid the fee, this action must be dismissed. Id.

In any event, Plaintiff's complaint fails to state a claim that is within this Court's jurisdiction. The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted). "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400). Plaintiff does not identify a source of substantive law that provides the Court with jurisdiction under the Tucker Act, and does not seek monetary damages from the United States. The only relief Plaintiff seeks is a court order declaring that he is not a citizen. However, "the jurisdiction of the United States Court of Federal Claims does not include jurisdiction over citizenship issues." Harvey v. United States, No. 20-229C, 2020 WL 5088643, at *17 (Fed. Cl. Aug. 20, 2020) (citing 28 U.S.C. § 1491(a) and 28 U.S.C. § 1350). "Similarly, the Court of Federal Claims does not have jurisdiction to issue a writ of mandamus pursuant to 28 U.S.C. § 1361." Alvarado Hosp., LLC v. Price, 868 F.3d 983, 999 (Fed. Cir. 2017).

## Conclusion

Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**.[1] The Clerk of Court is directed to dismiss this action.

The Clerk shall not accept any documents from Plaintiff unless he pays the $400 filing fee in accordance with 28 U.S.C. § 1915(g).

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**

---

[1] Plaintiff's September 21, 2020 Request is moot. ECF No. 8 at 1.